EXHIBIT A

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/09/2022
CT Log Number 542085978

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | Wal-Mart Stores, Inc.  (Former Name)  (Domestic State: DE)<br>WALMART INC. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GIUNTINI BETTY J. // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Information Form, Complaint, Certificate, First Interrogatories, First Requests, Notice |
| **COURT/AGENCY:** | State Court of Houston County, GA<br>Case # 2022V54380 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/05/2020, Store #920, at 3009 Russell Pkwy, Warner Robins, Georgia 31088 |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/09/2022 at 14:21 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | D. Jordan Josey<br>McArthur Law Firm<br>6055 Lakeside Commons Dr, Ste 400<br>Macon, GA 31210<br>478-238-6600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/10/2022, Expected Purge Date: 08/20/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

EXHIBIT A

**CT Corporation**
**Service of Process Notification**
08/09/2022
CT Log Number 542085978

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT A**

## STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

**✪ EFILED IN OFFICE**
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA
**2022-V-54380**
**JASON E. ASHFORD**
AUG 05, 2022 04:47 PM

*Teresa Hathaway*
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

CIVIL ACTION NUMBER  2022-V-54380

Giuntini, Betty J.

_____

**PLAINTIFF**

**VS.**

Wal-Mart Stores, Inc.

_____

**DEFENDANT**

### SUMMONS

TO: WAL-MART STORES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jordan Josey**
> **McArthur Law Firm**
> **6055 Lakeside Commons Drive, Suite 400**
> **Suite 400**
> **Macon, Georgia 31210**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of August, 2022.**

Clerk of State Court

*Teresa Hathaway*
_____
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

*Michael Lewis*
**Special Court Appointed**
**Process Server**   8/9/22

**EXHIBIT A**

## General Civil and Domestic Relations Case Filing Information Form

**⚖ EFILED IN OFFICE**
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA

**2022-V-54380**

JASON E. ASHFORD

AUG 05, 2022 04:47 PM

☐ Superior or ☑ State Court of  Houston                County

*Teresa Hathaway*
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

| For Clerk Use Only | |
|---|---|
| **Date Filed** 08-05-2022 | **Case Number** 2022-v-54380 |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Giuntini, Betty J. | | | | | Wal-Mart Stores, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Josey, Jordan       **Bar Number** 325037       **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

| **General Civil Cases** | **Domestic Relations Cases** |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Contempt |
| ☐ Contract | ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contempt/Modification/Other Post-Judgment | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☑ General Tort | ☐ Modification |
| ☐ Habeas Corpus | ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☐ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☐ Other General Civil | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                      **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

EXHIBIT A

**EFILED IN OFFICE**
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA

**2022-V-54380**

JASON E. ASHFORD
AUG 05, 2022 04:47 PM

*Teresa Hathaway*
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

BETTY J. GIUNTINI,

    Plaintiff,

    v.

WAL-MART STORES, INC.,

    Defendant.

CIVIL ACTION NO.

JURY TRIAL DEMANDED

---

## COMPLAINT FOR DAMAGES

COMES NOW, Betty J. Giuntini, Plaintiff, and file this Complaint for Damages against Defendant Wal-Mart Stores, Inc., showing this Honorable Court the following:

### VENUE AND PARTIES

**1.**

Defendant Wal-Mart Stores, Inc (hereinafter referred to as "Defendant Wal-Mart") is a foreign for-profit corporation authorized to conduct business in the State of Georgia, with principal place of business located at 708 SW 8th Street, Bentonville, AR 72716. Defendant Wal-Mart is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 14-11-1108 and O.C.G.A. § 14-2-510(b)(3). Defendant Wal-Mart may be personally served through its registered agent, The Corporation Company, at 106 Colony Park Drive Suite 800-B, Cumming, Forsyth County, Georgia 30040-2794.

**2.**

Plaintiff is a resident of Houston County, Georgia residing at 60 Hamilton Woods Court, Warner Robins, GA 31088. Plaintiff submits to the jurisdiction and venue of this Court.

**3.**

Jurisdiction and Venue are proper in this Court as to all claims and all parties.

## FACTUAL ALLEGATIONS

**4.**

This case arises out of an incident that occurred on September 5, 2020 at Wal-Mart Store #920 located at 3009 Russell Pkwy, Warner Robins, GA 31088 in which Plaintiff Betty J, Giuntini sustained serious and permanent bodily injuries and damages when she fell on the premises.

**5.**

Plaintiff Betty J. Giuntini was an invitee of Wal-Mart's and was shopping in the produce section prior to her fall and injuries.

**6.**

At approximately 11:20 a.m., Plaintiff walked into the produce section alongside her partner who was pushing a shopping cart. At that time, they observed a large cardboard box containing pumpkins for sale as a seasonal offering

**7.**

The cardboard pumpkin display sat atop a wooden shipping pallet which jutted out from underneath the corner of the cardboard box above it and created an unreasonably hazardous tripping hazard in the walkway of the Wal-Mart store.

**8.**

The wooden pallet extended out beyond the box by approximately one foot. Due to cardboard covering the corner of the wooden pallet, Plaintiff did not see a wooden pallet jutting out from underneath the box and tripped on the pallet with her right foot and fell to the ground.

**9.**

Plaintiff landed on both knees and both hands which she used to brace her fall.

**10.**

Plaintiff Betty J. Giuntini did not know and had no reason to know of the danger imposed by the wooden pallet and at all times pertinent to the actions giving rise to this Complaint, was exercising ordinary care for her own safety.

## COUNT I

### Negligence Against Defendant Wal-Mart Stores, Inc.

**11.**

Plaintiff incorporates all the preceding paragraphs as if fully incorporated herein.

**12.**

Defendant Wal-Mart is the sole owner and occupier of the subject property located at 3009 Russell Pkwy, Warner Robins, GA 31088.

**13.**

Defendant Wal-Mart had a nondelegable duty to maintain the premises in a reasonably safe manner, free from all hazards and unreasonable risks of harm

**14.**

Defendant Wal-Mart breached this duty and was negligent in the following particulars:

(a) By placing the subject wooden pallet located in an area where customers and other invitees are known to walk.

(b) By failing to place a pallet guard or some device to prevent customers and other invitees from exposure to the exposed wooden pallet.

(c) By failing to warn against the unreasonably dangerous tripping hazard presented by the pallet.

(d) Defendant was otherwise negligent.

**15.**

Defendant had actual or constructive knowledge of the dangers imposed by the unguarded wooden pallet.

**16.**

Defendant knew or should have known the hazardous condition posed by the unguarded wooden pallet which presented a foreseeable risk of harm.

**17.**

By failing to keep its premises reasonably safe and free from the unreasonable risk of harm from the hazard described above, Defendant Wal-Mart violated O.C.G.A. § 51-3-1, which constitutes *negligence per se.*

**18.**

As a direct and proximate cause of Defendant's negligence, Plaintiff Betty J. Giuntini suffered serious and permanent bodily injuries, from which she has suffered, continues to suffer and will continue to suffer significant physical, mental and emotional pain and suffering and has suffered special damages in the form of medical costs in excess of $18,000.00 and other damages.

**19.**

Defendant is liable to Plaintiff for all special and general damages which were directly and proximately caused by Defendant's negligence.

EXHIBIT A

**WHEREFORE**, Plaintiff prays for the following relief:

A. That process and summons be issued, as provided by law, requiring Defendant to appear and to Answer Plaintiff's Complaint;

B. That Plaintiff have a trial by a fair and impartial jury of twelve members;

C. That Plaintiff obtain a judgment against Defendant in a just and reasonable amount to compensate Plaintiff for her injuries, damages and suffering;

D. That the costs of bringing this action be taxed against the Defendant; and,

E. That Plaintiff have such other and further relief as this Court shall deem just and proper

**RESPECTFULLY SUBMITTED** this 5th day of August, 2022.

/s/ *D. Jordan Josey*

KATHERINE L. MCARTHUR
Ga. Bar No. 480730
D. JORDAN JOSEY
Ga. Bar No. 325037

**MCARTHUR LAW FIRM**
6055 Lakeside Commons Dr, Ste 400
Macon, GA 31210
(478) 238-6600 phone
(478) 238-6607 facsimile
jjosey@mcarthurlawfirm.com

EXHIBIT A

**EFILED IN OFFICE**
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA

**2022-V-54380**

JASON E. ASHFORD
AUG 05, 2022 04:47 PM

*Teresa Hathaway*
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

**IN THE STATE COURT OF HOUSTON COUNTY**
**STATE OF GEORGIA**

BETTY J. GIUNTINI,

    **Plaintiff,**

    **vs.**

WAL-MART STORES, INC.,

    **Defendant.**

**CIVIL ACTION NO.**

---

## RULE 5.2 CERTIFICATE OF SERVICE

I hereby certify that I have this day sent along with the Complaint and Summons in this

case for personal service copies of the following discovery documents:

1.     PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART STORES, INC.;

2.     PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES, INC.;

3.     PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT WALMART STORES, INC. and,

4.     NOTICE OF 30(b)(6) DEPOSITION TO DEFENDANT WAL-MART STORES, INC.

This 5th day of August, 2022.

/s/ *D. Jordan Josey*

      KATHERINE L. McARTHUR
      Ga. Bar No. 480730
      D. JORDAN JOSEY
      Ga. Bar No. 325037

EXHIBIT A

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com
*Attorneys for Plaintiff*
jjosey@mcarthurlawfirm.com

**EXHIBIT A**

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUTINI,

    Plaintiff,

v.                                Civil Action No. 2022-V-54380

WAL-MART STORES, INC.,

    Defendant.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART STORES, INC.

COMES NOW, Plaintiff Betty J. Giuntini, and serves these First Continuing Interrogatories on Defendant Wal-Mart Stores, Inc. pursuant to O.C.G.A. § 9-11-33, requesting that written responses be returned within forty-five (45) days from the date of service to the undersigned counsel for Plaintiff.

### SPECIAL DEFINITIONS AND INSTRUCTIONS

As used herein, the terms listed below are defined as follows:

A.     "Complaint" refers to the Plaintiff's Complaint in the above-styled action.

B.     "Occurrence" refers to the incident on September 5, 2020 alleged in Plaintiffs' Complaint.

C.     "You" or "Your" or "Defendant" means and includes where applicable, all present and former officers, agents, representatives, servants, employees, consultants and attorneys of Wal-Mart Stores, Inc. and any subsidiary thereof, whether employed or retained on a full-time, part-time, or commission basis, or as an independent contractor or agency.

Page 1 of 6

EXHIBIT A

D.     "Document" means any written, printed, recorded or graphic matter of every type and description that is in your actual or constructive possession, control or custody, or of which you have knowledge, regardless of the medium on which it is produced, reproduced or stored, including but not limited to correspondence, records, reports, memoranda, notes, letters, messages (including, but not limited to, reports of telephone conversations and conferences), studies, circulars, bulletins, minutes, instructions, microfilms, maps, statistical computations, tapes, pamphlets, publications, books, stenographic or handwritten notes, or any other communications (including, but not limited to, interoffice and intra office communications), surveys, contracts, memoranda of agreement, orders, working papers, voice recordings, records of summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, photographic negatives, pictures, photographs, video recordings, test results, and all other written, printed or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, and all originals, drafts and copies thereof. Any such document bearing on any sheet or side thereof any marks, such as, but not limited to, imprint initials, stamps indicia, comments or notations, or any character and not part of the original text or photographic reproduction thereof is to be considered and identified as a separate document.

E.     "Identify" with respect to any person or any reference to stating the "identify" or "identification" of any person means to provide the name, home address, telephone number, present employer, business address and job title.

F.     "Identify" with respect to any document or any reference to stating the "identification" or "identity" of any document means to provide the title and date of each such document, the name, address, present employer and job title of the person responsible for the

**EXHIBIT A**

preparation of each such document, the name, address, present employer and job title of the person who requested or required the preparation or on whose behalf it was prepared, the name, address, present employer and job title of the recipient of each such document, the names, addresses, present employer and job titles of all persons who have custody or control of each such document or copies thereof, a description of what type document it is (i.e. photograph, report, engineering design, etc.), the number of each type document, and a description of what each document contains, depicts, reveals, says or pertains to.

## INTERROGATORIES:

1.      Have you been correctly designated as a party defendant in the above-styled case insofar as the legal description, full name, and correct spelling is concerned?  If not, then state how you might be properly designated in this action.

2.      If you contest the validity of service of process upon you, the venue of this action, or the court's jurisdiction over you, state separately and with particularity every fact which supports your contention as to each of these matters which you contest and identify the court in which you contend venue would be proper and the residence or place of business at which you may be properly served with process.

3.      State the name and last known address and employer of each Wal-Mart employee who was working, scheduled to be working, or who was otherwise present inside the Wal-Mart store, or on the store's premises, including its parking lot or adjoining buildings or structures from September 4, 2020 and September 5, 2020.

4.      State the name and present address of each and every person you know or have reason to believe might have knowledge of discoverable matter relevant to the issues (whether claims or defenses) presented in the present cause.

5.      As to each expert you expect to testify, state:

     a)      The subject matter on which any and all such experts are expected to testify;

     b)      Summarize each and every opinion to which each expert is expected to testify, as well as the grounds for or basis of each opinion;

     c)      Identify and describe any documentary source of information examined by or considered by each expert in the formation of the opinions to which the expert is expected to testify.

6.      Identify all persons known by you who were working, supposed to be working, or who were otherwise present in the area of the Wal-Mart produce section on September 5, 2020.

7.      Identify all Wal-Mart employee(s) for the subject store who had supervisory or managerial responsibilities on September 5, 2020.

8.      Identify all persons known by you who witnessed the subject fall, or who you have reason to believe witnessed the subject fall.

9.      Identify any and all policies pertaining to aisle setup or arrangement and reducing the risk of customer falls and incidents.

10.      Identify the person or persons who placed the subject wooden pallet in the produce section prior to Plaintiff's fall.

**EXHIBIT A**

11.     Identify the person or persons responsible for determining when surveillance video recordings are maintained or preserved, or are supposed to be maintained or preserved, following a fall or injury at the subject Wal-Mart store.

12.     Identify the person or persons responsible for maintaining or preserving the video surveillance recordings in the event it is necessary to do so.

13.     Identify the number and locations of each surveillance camera located in the interior of the subject Wal-Mart store and the exterior of the subject Wal-Mart store.

14.     Identify any Wal-Mart employee(s) who were responsible for performing, or who did perform, any investigation into the cause of Plaintiff's fall.

15.     State whether surveillance footage captured any portion of Plaintiff's fall.

16.     State whether an accident report was completed and photographs were taken of the area of Plaintiff's fall.

17.     Identify all insurance policy or policies which may pay any part of a judgment in this case.

This 5th day of August, 2022.

/s/ *D. Jordan Josey*

_____
KATHERINE L. MCARTHUR
Ga. Bar No. 480730
D. JORDAN JOSEY
Ga. Bar No. 325037

**MCARTHUR LAW FIRM**
6055 Lakeside Commons Dr, Ste 400
Macon, GA  31210
(478) 238-6600 phone
(478) 238-6607 facsimile
jjosey@mcarthurlawfirm.com
*Attorneys for Plaintiff*

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUNTINI,

     Plaintiff,

v.

WAL-MART STORES, INC.,

     Defendant.

Civil Action No. 2022-V-54380

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES, INC.

Pursuant to O.C.G.A. § 9-11-34, Plaintiff makes the following Requests for Production of Documents.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the plaintiff's inspection and copying no later than forty-five (45) days after service of this document.  This production shall take place at the law offices of the undersigned counsel for Plaintiff, McArthur Law Firm, 6055 Lakeside Commons Drive, Suite 400, Macon, Georgia 31210.

### DEFINITIONS

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:

1.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained,

**EXHIBIT A**

in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with plaintiff.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

## REQUESTS FOR PRODUCTION:

1.      Copies of any and all statements previously made by either plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by either plaintiff hereto and any stenographic, mechanical or other type of recording or transcription made of either plaintiff.

2.      Any report or other documentation of any investigation made by you or any private organization relating to the occurrence in question.

3.      Any document, reports or other written records pertaining to any investigation of to the incident made the basis of this lawsuit.

4.      A copy of the policies and procedures for aisle setup, design, and product placement.

5.      A copy of the policies and procedures for customer safety and inspecting for hazards.

6.      Copies of the produce section layout and plan for September of 2020.

7.      All photographs taken of the subject wooden pallet, Plaintiff, or the incident scene.

8.      All surveillance videos from September 4, 2020 and September 5, 20210.

9.      A copy any insurance company policy providing coverage for the loss.

10.     Copies of any correspondence, whether electronic or otherwise pertaining to this incident.

11.     A list of all company employees who worked in Wal-Mart store #920 on the date of the incident.

12.     Employee logs from September 4, 2020 and September 5, 2020.

13.     Copies of all documentation received through non-party requests for production.

14.     Copies of any expert reports for experts expected to testify at trial


This 5th day of August, 2022.


                                    /s/ D. Jordan Josey

                                    _____
                                    KATHERINE L. MCARTHUR
                                    Ga. Bar No. 480730
                                    D. JORDAN JOSEY
                                    Ga. Bar No. 325037


**MCARTHUR LAW FIRM**
6055 Lakeside Commons Dr, Ste 400
Macon, GA  31210
(478) 238-6600 phone
(478) 238-6607 facsimile
jjosey@mcarthurlawfirm.com


                                                            Page 3 of 3

**EXHIBIT A**

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUNTINI

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

Civil Action No. 2022-V-54380

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT WAL-MART STORES, INC.

COMES NOW, Plaintiff, Betty J. Giuntini, and pursuant to O.C.G.A. § 9-11-36, serves these First Requests for Admissions on Defendant Wal-Mart Stores, Inc., requesting that full and complete response, in accordance with Georgia law, be served upon the undersigned counsel for Plaintiff within thirty (30) days from the date of service.

### FIRST REQUEST FOR ADMISSIONS

Answers should specifically deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that they have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if it fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order

Page 1 of 3

EXHIBIT A

requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff incorporates into these requests the Definitions contained in Plaintiff's First Continuing Interrogatories and Requests for Production of Documents.

## <u>YOU ARE HEREBY REQUESTED TO ADMIT:</u>

(1)    Defendant WAL-MART STORES, INC. is correctly designated and properly served with sufficient process.

(2)    On or about September 21, 2020, you received notice of potential litigation arising out of the September 5, 2020 incident by correspondence sent by U.S. Certified Mail.

(3)    On the date of the incident you were the sole owner and operator of the premises located at 3009 Russell Pkwy, Warner Robins, GA 31088.

(4)    You investigated the subject incident and prepared a written report.

(5)    You photographed the wooden pallet in question.

(6)    On September 5, 2020 you had video surveillance cameras or other recording devices that captured any or all portions of the area where Plaintiff was injured.

(7)    You have no facts or information that you believe supports a finding of fault or liability of any other party, whether an individual or entity.

(8)    You are the management entity for the subject property.

(9)    You have surveillance footage of the Plaintiff taken after the subject incident.

(10)    You were aware that you had a duty to preserve any and all evidence, including video footage, of the subject incident.

(11)    Admit that there was a wooden pallet located in the aisle of Plaintiff's fall.

**EXHIBIT A**

(12)    Admit that the location and placement of the wooden pallet was hazardous.

(13)    Admit that you are liable in damages to Plaintiff.

This 5th day of August, 2022.

/s/ *D. Jordan Josey*

KATHERINE L. MCARTHUR
Ga. Bar No. 480730
D. JORDAN JOSEY
Ga. Bar No. 325037

**MCARTHUR LAW FIRM**
6055 Lakeside Commons Dr, Ste 400
Macon, GA  31210
(478) 238-6600 phone
(478) 238-6607 facsimile
jjosey@mcarthurlawfirm.com

Page **3** of **3**

## IN THE STATE COURT OF HOUSTON COUNTY
## STATE OF GEORGIA

BETTY J. GIUNTINI,

  **Plaintiff,**

  v.

WAL-MART STORES, INC.,

  **Defendants.**

**CIVIL ACTION NO.**

**2022-V-54380**

## NOTICE OF 30(b)(6) VIDEOTAPED DEPOSITION

**TO:** **Wal-Mart Stores, Inc.**
  **c/o The Corporation Company**
  **106 Colony Park Drive, Suite 800-B**
  **Cumming, Georgia 30040-2794**

**PLEASE TAKE NOTICE,** that on Monday, October 10, 2022 beginning at 10:00 a.m. at the McArthur Law Firm, 6055 Lakeside Commons Drive, Suite 400, Macon, GA 31210, pursuant to O.C.G.A. §§ 9-11-30, 9-11-45, counsel for Plaintiff will take the videotaped deposition upon oral examination of the designated representative(s) from Wal-Mart Stores, Inc., for purposes of discovery and cross-examination and any other purpose permitted by the Georgia Civil Practice Act and the Georgia Rules of Evidence.

The deposition will be taken before a certified court reporter and videographer, authorized to administer oaths and to take depositions by stenographic and videographic means. The oral examination will continue from day to day, until its completion.

Pursuant to O.C.G.A. § 9-11-30(b)(6), Plaintiff gives notice that the designated representative of Wal-Mart Stores, Inc., should have knowledge of the following matters for examination:

**EXHIBIT A**

(1) Policies and procedures regarding floor safety and maintenance of the walking areas of the store.

(2) Policies and procedures regarding aisle setup and layout including the installation of product displays and placement of the same.

(3) Policies and procedures regarding the inspection of incidents in the store and the completion of investigation reports conducted in response to a customer's slip and fall incident.

(4) Defendant's knowledge regarding the incident described in Plaintiff's Complaint.

(5) Defendant's investigation into the incident described in Plaintiff's Complaint.

This 8th day of August, 2022.

/s/ *D. Jordan Josey*

D. JORDAN JOSEY
Georgia Bar No. 325037

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
*jjosey@mcarthurlawfirm.com*
*Attorneys for Plaintiff*

EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA
**2022-V-54380**
**JASON E. ASHFORD**
**AUG 24, 2022 10:17 AM**

*Teresa Hathaway*
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUNTINI,

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

_____/

Civil Action File No.
2022-v-54380

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES, INC. and makes this

Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which

relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused

by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

**EXHIBIT A**

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint except that Defendant's proper name is Walmart, Inc.

2.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint, which are accordingly deemed denied.

**EXHIBIT A**

3.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint, which are accordingly deemed denied.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

EXHIBIT A

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant realleges and incorporates by reference its responses to paragraphs 1 through 10 as if they were fully restated herein.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint, including its subparts (a), (b), (c), and (d).

EXHIBIT A

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

EXHIBIT A

21.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES, INC. has this day been filed and served

upon opposing counsel via Peach Court E-File.

This the 24th day of August, 2022.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA

**2022-V-54380**

JASON E. ASHFORD
AUG 24, 2022 10:17 AM

Teresa Hathaway, Clerk of State Court
Houston County, Georgia

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUNTINI,                          Civil Action File No.
2022-v-54380

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

_____/

## **12-PERSON JURY DEMAND**

    COMES NOW Defendant, WAL-MART STORES, INC. and demands a

trial by a jury of twelve (12) persons.

                McLAIN & MERRITT, P.C.

                /s/ Ernest L. Beaton, IV
                Ernest L. Beaton, IV
                Georgia Bar No. 213044
                Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Peachcourt E-File.

This the 24th day of August, 2022.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA

**2022-V-54380**
**JASON E. ASHFORD**
**AUG 24, 2022 10:17 AM**

Teresa Hathaway
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUNTINI,

        Plaintiff,

v.

WAL-MART STORES, INC.,

        Defendant.

_____/

Civil Action File No.
2022-v-54380

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

- Defendant's Response to Plaintiff's First Request for Admissions;

- Defendant's First Request for Admissions to Plaintiff; and

- Defendant's First Interrogatories and Request for Production of Documents to Plaintiff.

        McLAIN & MERRITT, P.C.

        /s/ Ernest  L. Beaton, IV
        Ernest L. Beaton, IV
        Georgia Bar No. 213044
        Attorneys for Defendant

EXHIBIT A

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Peachcourt E-File.

This the 24th day of August, 2022.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA

**2022-V-54380**
**JASON E. ASHFORD**
**AUG 24, 2022 10:17 AM**

*Teresa Hathaway*
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUNTINI,                                Civil Action File No.
                                                 2022-v-54380
      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

_____/

## NOTICE OF TAKING REMOTE DEPOSITION

YOU ARE HEREBY notified that beginning on the 18th day of November, 2022, commencing at 10:00 a.m. the remote deposition will be taken of Betty J. Giuntini. Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion and will be taken upon oral examination pursuant to the provisions of utilizing the secure web-based deposition option or video teleconferencing (VTC) via ZOOM services offered by Elizabeth Gallo Court Reporting, LLC or telephonically to provide remote access for the witness and all parties so they may each participate in the deposition remotely via the internet and/or telephone. The deposition will be taken before a court reporter to be provided by Defendant, which court reporter will also participate remotely via one of the options above for the purposes of reporting the proceeding, as well as swearing in the deponent.

All parties who wish to participate in the Web Deposition are instructed to contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is their desire to appear via remote so that the necessary credentials and call-in numbers can be provided to you prior to the proceedings. In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

McLAIN & MERRITT, P.C.


     /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing NOTICE OF

TAKING REMOTE DEPOSITION has this day been filed and served upon

opposing counsel via PeachCourt E-File.

This the 24th day of August, 2022.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA

**2022-V-54380**

JASON E. ASHFORD
AUG 29, 2022 09:47 AM

*Teresa Hathaway*
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUNTINI,

    Plaintiff,

    v.

WAL-MART STORES, INC.,

    Defendant.

CIVIL ACTION NO.

2022-V-54380

## CONSENT MOTION TO SUBSTITUTE PARTIES

COMES NOW, Plaintiff, with the consent of Defendant, and files this Consent Motion to Substitute Parties, substituting Wal-Mart Stores East, LP in place of Wal-Mart Stores, Inc. as the party defendant and showing this honorable Court the following:

1.

Plaintiff filed the subject lawsuit on August 5, 2022.

2.

Plaintiff's counsel named Wal-Mart Stores, Inc as the defendant.

3.

On August 24, 2022, counsel for Defendant Wal-Mart Stores, Inc. filed their Answer and identified the correct defendant as Wal-Mart Stores East, LP.

4.

Defendant consents to the substitution of Wal-Mart Stores East, LP in place of Wal-Mart Stores, Inc. as the party defendant in the action.

WHEREFORE, with the consent of all parties, Plaintiff moves this Court for an Order substituting Wal-Mart Stores East, LP as the party Defendant.

EXHIBIT A

This 25th day of August, 2022.

/s/ *D. Jordan Josey*

_____

D. JORDAN JOSEY
Ga. Bar No. 325037

MCARTHUR LAW FIRM
6055 Lakeside Commons Drive, Suite 400
Macon Georgia 31210-5790
(478) 238-6600 – Phone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com

Consented to by:

/s/ *Ernest L. Beaton, IV*

_____

Ernest L. Beaton, IV
Ga. Bar No. 213044
*Signed by D. Jordan Josey with express
permission

McLain & Merritt, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmathllaw.com

<span style="color:red">EXHIBIT A</span>

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I electronically filed this ***Consent Motion to Substitute Wal-Mart, Inc.***

***as Party Defendant*** with the Clerk of Court using the PeachCourt system which will automatically

send e-mail notification of such filing to the following attorneys of record:

McLain & Merritt, P.C.
Ernest L. Beaton, IV
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
ebeaton@mmathllaw.com

This 25th day of August, 2022.

/s/ *D. Jordan Josey*

_____
D. JORDAN JOSEY
Ga. Bar No. 325037

McARTHUR LAW FIRM
6055 Lakeside Commons Drive, Suite 400
Macon Georgia 31210-5790
(478) 238-6600 – Phone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com

**EXHIBIT A**

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BETTY J. GIUNTINI, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 2022-V-54380 |
| WAL-MART STORES, INC., | |
| Defendant. | |

## ORDER SUBSTITUTING WAL-MART STORES EAST, LP AS PARTY DEFENDANT

Plaintiff's *Consent Motion to Substitute Parties* having come before this Court; and it appearing to the Court that Plaintiff filed the instant action against the above-captioned Defendant on August 5, 2022; and it further appearing that Defendant filed its answer August 24, 2022 raising that its proper legal name is Wal-Mart Stores East, LP; and it further appearing that Defendant has consented to the substitution,

IT IS HEREBY ORDERED that Wal-Mart Stores East, LP be substituted as the party defendant in this case and that the clerk of Court is directed to update the caption bearing "Wal-Mart Stores East, LP" as the Defendant in the instant action. IT IS FURTHER ORDERED that Wal-Mart Stores East, LP is automatically substituted and no amended complaint is required from Plaintiff and no further answer is required from Defendant.

SO ORDERED this _____ day of _____, 2022.

_____
Jason E. Ashford, Judge
State Court of Houston County

Order Proposed by:

/s/ *D. Jordan Josey*
_____
D. JORDAN JOSEY
Ga. Bar No. 325037
MCARTHUR LAW FIRM
6055 Lakeside Commons Drive, Suite 400
Macon Georgia 31210-5790
(478) 238-6600 – Phone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com


Order Consented to by:

/s/ *Ernest L. Beaton, IV*
_____
Ernest L. Beaton, IV
Ga. Bar No. 213044
*Signed by D. Jordan Josey with express permission

McLain & Merritt, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmathllaw.com

EXHIBIT A

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
HOUSTON COUNTY, GEORGIA
**2022-V-54380**
**JASON E. ASHFORD**
**AUG 31, 2022 11:34 AM**

*Teresa Hathaway*
Teresa Hathaway, Clerk of State Court
Houston County, Georgia

IN THE STATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

BETTY J. GIUNTINI,

    Plaintiff,

    v.

WAL-MART STORES, INC.,

    Defendant.

CIVIL ACTION NO.

2022-V-54380

## ORDER SUBSTITUTING WAL-MART STORES EAST, LP AS PARTY DEFENDANT

Plaintiff's *Consent Motion to Substitute Parties* having come before this Court; and it appearing to the Court that Plaintiff filed the instant action against the above-captioned Defendant on August 5, 2022; and it further appearing that Defendant filed its answer August 24, 2022 raising that its proper legal name is Wal-Mart Stores East, LP; and it further appearing that Defendant has consented to the substitution,

IT IS HEREBY ORDERED that Wal-Mart Stores East, LP be substituted as the party defendant in this case and that the clerk of Court is directed to update the caption bearing "Wal-Mart Stores East, LP" as the Defendant in the instant action. IT IS FURTHER ORDERED that Wal-Mart Stores East, LP is automatically substituted and no amended complaint is required from Plaintiff and no further answer is required from Defendant.

SO ORDERED this __30__ day of __Aug__, 2022.

_____
Jason E. Ashford, Judge
State Court of Houston County

EXHIBIT A

Order Proposed by:

/s/ *D. Jordan Josey*

_____

D. JORDAN JOSEY
Ga. Bar No. 325037
MCARTHUR LAW FIRM
6055 Lakeside Commons Drive, Suite 400
Macon Georgia 31210-5790
(478) 238-6600 – Phone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com


Order Consented to by:

/s/ *Ernest L. Beaton, IV*

_____

Ernest L. Beaton, IV
Ga. Bar No. 213044
*Signed by D. Jordan Josey with express permission

McLain & Merritt, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
(404) 266-9171
ebeaton@mmathllaw.com